NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 19-3310

UNITED STATES OF AMERICA

v.

DAVID CALHOUN,
                            Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-05-cr-00363-006)
District Judge: Honorable Cynthia M. Rufe

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 14, 2022

Before: AMBRO, KRAUSE, and BIBAS, Circuit Judges

(Filed: November 30, 2022)

OPINION*

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**AMBRO**, <u>Circuit Judge</u>

David Calhoun appeals the District Court's denial of his habeas petition, in which he alleged a Sixth Amendment choice-of-counsel violation that he never raised at trial or on direct review. Because we agree with the District Court that Calhoun procedurally defaulted his claim, we affirm.

## I.

In June 2005, Calhoun and seven other co-defendants were indicted for their participation in a narcotics conspiracy. Calhoun retained attorney Nino Tinari, who entered his appearance before the District Court on July 28, 2005.

In January 2006, after two failed plea deals, Tinari mailed a letter to Calhoun asking if he could pay his legal fees for the upcoming trial. In the letter, Tinari asked that, if Calhoun could not pay, he allow Tinari to withdraw so the Court could appoint new counsel. But Calhoun never received this letter because Tinari mistakenly sent it to a state correctional institution even though Calhoun had been transferred to the Federal Detention Center in Philadelphia for his change-of-plea hearing. When Tinari did not hear back, he faxed a motion to withdraw as counsel to the District Court's chambers. The same day, without holding a hearing or permitting Calhoun to object, the Court granted the motion to withdraw and gave Calhoun thirty days to find a new attorney. But only two days later, without waiting for Calhoun to find new counsel, it ruled that Calhoun was indigent and appointed William Cannon to represent him. There is no evidence in the record that Calhoun objected to Tinari's dismissal or Cannon's appointment at that time.

Two weeks before trial, Calhoun submitted a hand-written *pro se* motion for a continuance claiming he did not have enough time to prepare for trial with his new counsel, Cannon. In this motion, Calhoun confirmed he was "indigent with absolutely no funds available in his inmate account" and needed both appointed counsel and more time to prepare. App. 373. The District Court denied the motion for a continuance, and Calhoun's trial began four days later. Before, during, and after trial, Calhoun filed multiple motions, both *pro se* and through appointed counsel, but he never made a Sixth Amendment choice-of-counsel objection. He was convicted on all counts, and the Court sentenced him to twenty years in prison and ten years supervised release.

Calhoun appealed, and the Third Circuit appointed Cannon to represent him again, this time on direct appeal. A few months later, Calhoun filed a motion for appointment of new counsel for his direct appeal claiming Cannon "was ineffective at trial" and had "avoided contact with appellant since sentencing." *Id.* at 343. Calhoun's motion did not include a choice-of-counsel objection. We rejected the motion because it is typical within our Circuit that criminal trial counsel remain on appeal. 3d. Cir. L.A.R. 109.1. Calhoun raised many constitutional claims in his appeal, but choice of counsel was not one of them. *See United States v. Calhoun*, 276 F. App'x 114 (3d Cir. 2008), *cert. denied*, 556 U.S. 1113 (2009).

Calhoun first raised the choice-of-counsel violation in his habeas petition that he filed in March 2010. In this petition, Calhoun raised nineteen total constitutional violations. Over the next ten years, the habeas proceedings resolved eighteen of the claims, leaving only the claim for choice of counsel. The District Court had "grave

concerns regarding the process by which Tinari was permitted to withdraw," but it concluded that "this claim is procedurally defaulted . . . [and Calhoun] has failed to establish cause to excuse the default." App. 8. The Court nonetheless issued a certificate of appealability on the claim.

The District Court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. Our review of the habeas petition is plenary. *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021).

## II.

The Sixth Amendment's right to counsel encompasses "the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). But because Calhoun did not raise his choice-of-counsel claim at trial or on direct appeal, his habeas claim is procedurally defaulted unless he can show (i) cause for his failure to raise the issue before collateral review, and (ii) actual prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977); *United States v. Frady*, 456 U.S. 152, 167 (1982); *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1912 (2017).

Assuming the Sixth Amendment claim has merit, we presume prejudice because Calhoun was "erroneous[ly] depriv[ed] of the right to counsel of choice." *Gonzalez-Lopez*, 548 U.S. at 150. Such a deprivation is a "structural defect" that defies harmless error review because it "would be a speculative inquiry into what might have occurred in an alternate universe." *Id.* Instead, we presume prejudice when a choice-of-counsel violation occurs.

4

Calhoun still must show cause for his failure to raise the issue before collateral review. *See Weaver*, 137 S. Ct. at 1910 (explaining that the "term 'structural error' . . . means only that the government is not entitled to deprive the defendant of a new trial by showing that the error was 'harmless beyond a reasonable doubt.'"). To do so, he must show "some external impediment preventing counsel from constructing or raising the claim," such as where the legal or factual basis for the claim was "not reasonably available to counsel" or where interference by officials made compliance "impracticable." *Murray v. Carrier*, 477 U.S. 478, 488, 492 (1986).

Calhoun argues that the trial court record was incomplete and too limited for him to raise his claim. For example, the docket did not include Tinari's request for withdrawal because he faxed the request to, rather than filing it with, the Court. Though Calhoun had no notice of the motion to withdraw before the Court decided it, he eventually became aware when new counsel started representing him. At that time or even later on direct review, Calhoun could have questioned why Tinari was no longer representing him and asked the Court to reconsider its order. But he did not. He filed multiple motions and a direct appeal raising myriad other complaints without raising his Sixth Amendment objection. Instead, Calhoun confirmed to the Court that he needed appointed counsel because he was "indigent with absolutely no funds available in his inmate account." App. 373.

The District Court correctly held that Calhoun "knew of the basis for this claim" at least by the time of direct appeal, so his "lack of establishing cause for his procedural default forecloses a grant of relief." *Id.* at 13.

\*　　\*　　\*

We thus affirm the judgment of the District Court.